**DUNG AHN TRAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71329.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2007 *.

Filed Feb. 8, 2008.

Robert Pauw, Esq., Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, U.S. Department of Justice Office of the District Counsel, Seattle, Wa, Susan M. Harrison, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Dung Ahn Tran, a native and citizen of Vietnam, petitions for review from the affirmance by the Board of Immigration Appeals (BIA) of the decision of an Immigration Judge (IJ), finding Tran not credible and denying his request for asylum, withholding of removal, and relief under the

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review both the BIA's opinion and the IJ's decision for substantial evidence, and may reverse the adverse credibility finding only if the evidence would have compelled a reasonable factfinder to believe Tran. *See Zhou v. Gonzales,* 437 F.3d 860, 864–65 (9th Cir.2006).

The adverse credibility determination was supported by substantial evidence. The IJ and BIA both identified substantial inconsistencies between Tran's two asylum applications and his oral testimony at the hearing. When offered an opportunity to explain why he had omitted all but one of his detentions from the first application, and why he had testified to detentions not included even in his second application, Tran explained that he forgot or thought they were not important. The detentions are the heart of Tran's claim, and his explanation was insufficient. *See Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir. 2007).

We also agree with the IJ that even if Tran's testimony was credible, he did not describe events rising to the level of persecution on account of a protected ground such as political opinion, but rather police harassment during his work as a tour guide for American veterans. Without evidence that the authorities impute political opinion to an asylum applicant, harsh police actions do not constitute persecution. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1044–45 (9th Cir.2004). Tran also did not show a well-founded fear of persecution should he return to Vietnam. *See Zhou,* 437 F.3d at 867 (applicant must show fear of future persecution is both subjectively genuine and objectively reasonable).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Because Tran did not present evidence of past torture, or "gross, flagrant or mass violations of human rights" in Vietnam, he did not establish that it was more likely than not that he would face torture upon his return. *See Nuru v. Gonzales,* 404 F.3d 1207, 1217–19 (9th Cir.2005). Substantial evidence supported the denial of CAT relief.

**PETITION FOR REVIEW DENIED.**